Jeffrey Katz, SBN 010317
COMMUNITY LEGAL SERVICES
305 South 2nd Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434, Ext. 2700
(602) 254-3957 FAX
E-Mail: jkatz@clsaz.org

*Attorney for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: <br><br> Wendi Zee <br><br> Debtor, | Chapter 13 Proceedings <br><br> No. 2:18-bk-00312 <br><br> **MOTION FOR APPROVAL OF PERMANENT LOAN MODIFICATION** |

Debtor requests the Court enter an Order approving the Loan Modification Agreement with Rushmore Loan Management Services L.L.C. (the first mortgage loan servicer and agent) attached as Exhibit A.

The balance owed on the loan as set forth in Rushmore's Proof of Claim was $126,783.09, with an interest rate of 4.875% and maturity date of January 1, 2042. The monthly PITI payment was $736.72

The Debtor and Rushmore entered into a Trial Payment Plan ("TPP") for monthly payments of $339.28 due in November 2017, December 2017 and January 2018. The Debtor completed the TPP payments prior to filing bankruptcy so that she qualified and was approved for a permanent modification.

The bankruptcy was filed on January 11, 2018. The Chapter 13 plan provides for monthly post-petition mortgage payments of $339.28 directly to the lender. The Debtor

and Rushmore subsequently entered into the permanent Loan Modification Agreement, which provides for a principal balance of $120,000 (with $21,000 deferred to the end of the loan), an interest rate of 2% for the first 5 years, a 40 year maturity date (year 2058) and a monthly PITI payment for the first 5 years of $349.15. The modified loan cures all arrearages and includes lenders' fees and costs to date. Debtor is current on her payments.

The Chapter 13 plan (submitted but not yet confirmed) is for 36 months. Therefore, the plan will be completed before the interest and a monthly payment under the loan modification increases. Additionally, the payment under the permanent modification is approximately $10.00 more than the monthly mortgage payment provided for in the plan. This minimal increase will not affect the Debtor's ability to make her monthly plan payments. The revised mortgage payment amount will be reflected in any final order confirming the plan.

Lender Rushmore has indicated it requires an order from the Bankruptcy Court approving the permanent loan modification.

For the reasons set forth above, Debtor requests the Court sign the form of Order (attached as Exhibit B) if there is no objection to this Motion.

**DATED** June 1, 2018

COMMUNITY LEGAL SERVICES OF ARIZONA

By /s/ Jeffrey A. Katz
305 S 2ND AVE
PHOENIX, ARIZONA 85003
Attorney for Debtor

| | |
|---|---|
| 1 | **ORIGINAL** electronically filed with the Court this 1st Day of June, 2018 |
| 2 | |

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 • FAX (602) 254-3957 • TDD (602) 254-9852

3

4  **COPY** of the foregoing mailed/delivered this 1st Day of June, 2018 to:

5

6  AZ Department of Revenue
Bankruptcy and Litigation
1600 W. Monroe, 7TH FL.
7  Phoenix, AZ 85007-2650

8
Oxford Park HOA
9  c/o Goodman Law Group
3654 N. Power Rd. #132
10 Mesa, AZ 85215-9789

11
PRA Receivables Management, LLC
12 PO Box 41021
Norfolk, VA 23541-1021
13

14 U.S. Bankruptcy Court, Arizona
230 North First Avenue, Suite 101
15 Phoenix, AZ 85003-0608

16
Capital One, N.A.
17 C/O Becket and Lee LLP
PO Box 3001
18 Malvern PA 19355-0701

19
Cavalry SPV I, LLC
20 500 Summit Lake Drive, Ste 400
21 Valhalla, NY 10595-1340

22 Citibank NA
C/O Portfolio Recovery
23 120 Corporate Blvd
24 Norfolk VA 23502-4952

25
DSNB/Macys
26 P.O. Box 8218
Monroe OH 45050

27

28

- 3 -
Case 2:18-bk-00312-PS   Doc 45   Filed 06/01/18   Entered 06/01/18 11:44:41   Desc
Main Document    Page 3 of 18

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 • FAX (602) 254-3957 • TDD (602) 254-9852

| | |
|---|---|
| 1 | Department Stores National Bank |
| 2 | Citibank, N.A. |
|   | 701 East 60th Street North |
| 3 | Sioux Falls, SD 57104-0493 |
| 4 | Discover Bank |
| 5 | Discover Products Inc |
|   | PO Box 3025 |
| 6 | New Albany, OH 43054-3025 |
| 7 | Discover Bank |
| 8 | c/o Gurstel Law Firm |
|   | 9320 E. Raintree Drive |
| 9 | Scottsdale AZ 85260-2016 |
| 10 | |
|    | Discover Financial Services |
| 11 | C/O Gurstel Law Firm |
|    | 6681 Country Club Dr. |
| 12 | Minneapolis MN 55427-4601 |
| 13 | |
|    | Geico |
| 14 | One Geico Plaza |
|    | Bethesda MD 20810-0001 |
| 15 | |
| 16 | Ideal Physical Therapy |
|    | C/O Kenneth Eisen & Assoc LTD |
| 17 | 777 E. Missouri Ave #103 |
| 18 | Phoenix AZ 85014-2855 |
| 19 | Kohls Department Store |
|    | c/o Credit Control |
| 20 | 5757 Phantom Dr., Ste 330 |
| 21 | Hazelwood MO 63042-2429 |
| 22 | MTGLQ Investors, LP |
| 23 | Rushmore Loan Management Services |
|    | P.O. Box 55004 |
| 24 | Irvine CA 92619-5004 |
| 25 | |
|    | Oxford Park Homeowners Association |
| 26 | Goodman Law Group |
|    | 3654 N Power Rd., SUITE 132 |
| 27 | Mesa, AZ 85215-9789 |
| 28 | |

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 • FAX (602) 254-3957 • TDD (602) 254-9852

| | |
|---|---|
| 1 | Oxford Park HOA |
| 2 | C/O Goodman Law Group<br>40 N. Central Suite 1400 |
| 3 | Phoenix, AZ 85004-4436 |
| 4 | Pima Federal Credit Union |
| 5 | P.O. Box 50267<br>Tucson AZ 85703-1267 |
| 6 | |
| 7 | Portfolio Recovery<br>c/o Blatt, Hassenmiller, Leibsker & Moor |
| 8 | 2702 N. 3rd St, Suite 200<br>Phoenix AZ 85004-1130 |
| 9 | |
| 10 | Rushmore Loan Management Services, LLC<br>c/o Aldridge Pite, LLP |
| 11 | Attn: Sammy<br>4375 Jutland Drive, Suite 200 |
| 12 | P.O. Box 17933<br>San Diego, CA 92177-7921 |
| 13 | |
| 14 | Rushmore Loan Management Services, LLC.<br>P.O. Box 514707 |
| 15 | Los Angeles CA 90051-4707 |
| 16 | |
| 17 | SYNCB/Car Care Disc Tire<br>c/o ERC |
| 18 | P.O. Box 23870<br>Jacksonville FL 32241-3870 |
| 19 | |
| 20 | SYNCB/Care Credit<br>C/O P.O. Box 965036 |
| 21 | Orlando FL 32896-5036 |
| 22 | U.S. Trustee |
| 23 | Office of the U.S. Trustee<br>230 N. First Avenue Suite 204 |
| 24 | PHOENIX, AZ 85003-1725 |
| 25 | US Department of Education |
| 26 | 2401 International<br>POB 7859 |
| 27 | Madison WI 53707-7859 |
| 28 | |

COMMUNITY LEGAL SERVICES
CENTRAL OFFICE • HOUSING UNIT
305 South Second Avenue
Phoenix, Arizona 85003-2402
(602) 258-3434 • FAX (602) 254-3957 • TDD (602) 254-9852

United States Department of Education
Claims Filing Unit
Po Box 8973
Madison, WI 53708-8973

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK 73124-8838

Portfolio Recovery Associates LLC
PO Box 41067
Norfolk, VA 23541-1067

WFFNB/ MOR Furniture
P.O. Box 14517
Des Moines IA 50306-3517

Edward J. Maney
101 N. First Ave., SUITE 1775
Phoenix, AZ 85003-1927

Wendi Zee
2315 W. Union Hills Dr, #101
Phoenix, AZ 85027-5172


By:/s/Cory Rade

# Exhibit A

**After Recording Return To:**
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

**This Document Prepared By:**
KELVIN TORRES
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, California 92618

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$155,000.00**                                    Loan No: **7601158721**

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **17th** day of **April, 2018**, between **WENDI A. ZEE, A SINGLE PERSON** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent, whose address is 15480 Laguna Canyon Road, Irvine, California 92618** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **January 03, 2008** and recorded in **Instrument No: 20080008857**, of the Official Records of **MARICOPA County, AZ** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**2315 W UNION HILLS DR #101, PHOENIX, AZ 85027**,
(Property Address)
the real property described being set forth as follows:

**SEE ATTACHED EXHIBIT A**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **April 17, 2018**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$120,000.00**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$21,000.00** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$99,000.00**. Interest at the rate of **2.000%** will begin to accrue on the Interest Bearing Principal Balance as of **January 1, 2018** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **February 1, 2018**. The new Maturity Date will be **January 1, 2058**. Borrower's payment schedule for the modified Loan is as follows:

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Arizona                Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center  © 8827 08/14                                                                                (page 1 of 5)

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.000% | January 01, 2018 | $299.80 | $49.35 May adjust periodically | $349.15 May adjust periodically | February 01, 2018 | 60 |
| 6 | 3.000% | January 01, 2023 | $348.29 | May adjust periodically | May adjust periodically | February 01, 2023 | 12 |
| 7-40 | 3.875% | January 01, 2024 | $392.89 | May adjust periodically | May adjust periodically | February 01, 2024 | 408 |

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security

Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

7. Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an

*7601587217*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Arizona    Form 3179 1/01 (rev. 4/14)
Mortgage Cadence Document Center © 8827 08/14    (page 3 of 5)

Case 2:18-bk-00312-PS    Doc 45    Filed 06/01/18    Entered 06/01/18 11:44:41    Desc
Main Document    Page 10 of 18

attempt to revive personal liability.



In Witness Whereof, the Lender and I have executed this Agreement.

_____*Wendi A. Zee*_____ (Seal)
**WENDI A. ZEE** -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Arizona

County of __Maricopa__

The foregoing instrument was acknowledged before me this __04/19/2018__ (Date)

by __Wendi A. Zee__

_____ (Name of Person(s) Acknowledged).

__William Utt__
(Signature of person taking acknowledgment)

__Notary Public__
(Title or rank)

__Commission # 543102    ID# 330038__
(Serial number, if any)
My commission expires : __03/27/2018__

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Arizona
Mortgage Cadence Document Center © 8827 08/14

Form 3179 1/01 (rev. 4/14)
*(page 4 of 5)*

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender
Name: _____
Title: _____

_____
Date of Lender's Signature
_____ [Space Below This Line For Acknowledgments] _____

State of _____

County of _____

The foregoing instrument was acknowledged before me this _____ (Date)

by _____, the _____ of

_____ (Name of Person(s) Acknowledged).

_____
(Signature of person taking acknowledgment)

_____
(Title or rank)

_____
(Serial number, If any)

*760158721*
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - Arizona
Mortgage Cadence Document Center © 8827 08/14

Form 3179 1/01 (rev. 4/14)
*(page 5 of 5)*

Loan No: 7601158721
Borrower: ZEE

# EXHIBIT A

Lot 101, UNION HILLS VILLAS, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 236 of Maps, Page 25;

EXCEPT all gas, oil, metals and mineral rights as reserved in the Patent to the State of Arizona.

APN: 208-05-553

Loan No: **7601158721**

# BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT

**WENDI A ZEE**
**2315 W UNION HILLS DR # 101**
**PHOENIX, AZ 85027**

THIS BALLOON ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Balloon Addendum") is made this **17th** day of **April, 2018**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of Owner, by and through **Rushmore Loan Management Services LLC**, as current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

1. In an effort to assist the borrower in meeting their monthly obligations and upon execution of the Agreements, Lender agrees to immediately forgive an amount equal to **$5,992.47** (the "Forgiven Amount").

2. In addition, Lender will agree to defer payment in the amount of **$21,000.00** (the "Balloon Amount"), which will be due and payable on the earliest of (a) the date the borrower sells or transfers an interest in the property, (b) the date the borrower pays the entire Interest Bearing Principal Balance, or (c) the maturity date of **January 1, 2058**. Lender will not charge interest on this Balloon Amount.

3. The payment of Principal and Interest listed in Paragraph 2 of the Modification Agreement is the payment necessary to amortize **$99,000.00**, which is the portion of the Unpaid Principal Balance not affected by the adjustments described in Paragraphs 1 and 2 of this Balloon Addendum.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Balloon Addendum.

_/s/ Wendi A Zee_ _____(Seal)
**WENDI A. ZEE** –Borrower

_____(Seal)


**Rushmore Loan Management Services LLC**

By:_____(Seal) - Lender
Name:
Title:

_____
Date of Lender's Signature

Loan No: **7601158721**

## INSURANCE ADDENDUM TO LOAN MODIFICATION AGREEMENT

**WENDI A ZEE**
**2315 W UNION HILLS DR # 101**
**PHOENIX, AZ 85027**

THIS INSURANCE ADDENDUM TO LOAN MODIFICATION AGREEMENT (the "Insurance Addendum") is made this **17th day of April, 2018**, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement (the "Modification Agreement" together, the "Agreements") entered into by the undersigned ("Borrower"), in favor of **Rushmore Loan Management Services LLC**, current servicer and agent for owner ("Lender"). The Agreements amend and supplement (1) the Mortgage, Deed of Trust or Security Deed and any applicable Riders (the "Security Agreement"), and (2) the Note bearing the same date as, and secured by, the Security Agreement.

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Modification Agreement, Borrower and Lender further covenant and agree as follows:

If Borrower is obligated under the Note and Security Instrument to keep the improvements now existing or hereafter erected on the Property insured against loss by fire and/or any other hazards, including but not limited to floods or flooding, or if Borrower is obligated under the Note and Security Instrument to pay Lender for escrowed insurance premiums, and Borrower subsequently either fails to insure the Property or fails to pay insurance escrowed amounts when they become due, then Lender may at its sole discretion and without obligation exercise its rights under the Note and Security Instrument and this Agreement to purchase insurance to protect Lender's interests and rights in the Property. Borrower acknowledges and agrees that the cost of insurance coverage so obtained by Lender may significantly exceed the cost of insurance that Borrower could have obtained independently. Nevertheless, Borrower acknowledges and agrees any such amounts disbursed by Lender shall become additional debt of the Borrower payable to Lender and secured by the Security Instrument. Borrower further acknowledges and agrees that Lender is under no obligation to purchase any particular type or amount of coverage, and such coverage shall be intended to protect Lender but may or may not protect Borrower, Borrower's equity in the Property, or the contents of the Property against any risk, hazard or liability, and furthermore may provide greater or lesser coverage than was previously in effect.

The Agreements only modify the Security Agreement and Note in regard to the provisions addressed. All other terms and conditions of the Security Agreement and Note remain in full force and effect.

BY SIGNING BELOW, Lender and Borrower accept and agree to the terms and provisions contained in this Addendum.

_____  _____
**WENDI A ZEE**                        **LENDER**

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: **7601158721**

FHA/VA Case Number:

Borrower(s):   **WENDI A. ZEE**

Property Address:   **2315 W UNION HILLS DR #101, PHOENIX, AZ 85027**

Servicer:   **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this **17th** day of **April, 2018.**

_____ /s/ Wendi A. Zee _____ (Seal)
**WENDI A. ZEE**  -Borrower

Mortgage Cadence Document Center © 9572 08/13

Errors and Omissions/Compliance Agreement

# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Wendi Zee<br><br>Debtor, | Chapter 13 Proceedings<br><br>No. 2:18-bk-00312<br><br>**ORDER GRANTING APPROVAL OF PERMANENT LOAN MODIFICATION** |

Debtor Wendi Zee, having filed a Motion for Approval of Permanent Loan Modification, and for good cause shown,

**IT IS HEREBY ORDERED** granting approval of the Loan Modification Agreement referenced in the Motion.